**FILED**
at Santa Fe, NM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

OCT 3 1 2006

MATTHEW J. DYKMAN
CLERK

ALVIS KEE AND CECILIA KEE,

        Plaintiff,

vs.

No. CIV 02-1243  JH/RHS

OFFICER STEPHAN SMITH,
OFFICER JOHN AHLM, and
OFFICER RICK SIMMONS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorneys' Fees and Expenses, filed March 17, 2005 **[Doc. No. 122]**. The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well taken in part and will be granted in part.

### BACKGROUND

Plaintiffs Alvis and Cecilia Kee brought a complaint under 42 U.S.C. Section 1983 alleging that Defendants Stephen Smith, John Ahlm, and Rick Simmons violated their constitutional rights by arresting them without probable cause, using excessive force, and maliciously prosecuting them. This matter was tried before a jury beginning January 24, 2005. At the close of Plaintiffs' evidence, Defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The Court denied Defendants' motion as it pertained to Plaintiff Alvis Kee's Section 1983 unlawful arrest, malicious prosecution, and excessive force claims, and as it pertained to Plaintiff Cecilia Kee's Section 1983 excessive force claim. The

139

Court granted the motion as it pertained to Plaintiff Cecilia Kee's 42 U.S.C. Section 1983 claims for unlawful arrest and malicious prosecution.

On January 28, 2005, the jury returned a verdict in favor of Plaintiff Alvis Kee and against Defendant John Ahlm in the amount of $22,500.00 on the arrest without probable cause, malicious prosecution, and excessive force claims. The jury did not return a verdict in favor of Plaintiff Alvis Kee's claims against Defendants Stephen Smith or Rick Simmons. The jury likewise did not return a verdict in favor of Cecilia Kee on her excessive force claim against Defendants Ahlm, Smith, or Simmons.

On February 7, 2005, the Clerk of Court entered judgment in this case. On February 22, 2005, Defendant Ahlm filed his Motion for Judgment as a Matter of Law, or, Alternatively, Motion for a New Trial. The Court denied Defendant Ahlm's motion.

Plaintiff Alvis Kee filed the instant motion for attorneys' fees and expenses on March 17, 2005.

## STANDARD

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The multiplication of the reasonable number of hours expended by the reasonable hourly rate is referred to as the "lodestar" method. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

A court may accept the lodestar proposed by a plaintiff as the reasonable amount to award or it may adjust the lodestar, depending upon the circumstances of the case. *Louisiana Power &*

*Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). In reducing the lodestar, a court may elect to discount requested fees by specific billing entry/hour or by making a general reduction of hours "to achieve what the court determines to be a reasonable number." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). In analyzing what hours are "reasonably" expended on specific tasks, a court may consider such factors as the "complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side." *Id.*

A plaintiff bears the burden of establishing entitlement to an attorneys' fee award, documenting the appropriate hours expended, and showing that the hours claimed are reasonable. *Id.* at 1249-50.

## DISCUSSION

Plaintiff Alvis Kee seeks a total of $82,746.76 for Ray Twohig Esq.'s work on the case. Specifically, Plaintiff seeks $70,801.94 in total fees and gross receipts taxes and $11,944.82 in total expenses. Plaintiff also seeks a total of $9,904.06 for Philip B. Davis Esq.'s work on the attorneys' fees portion of the case. This represents $9,714.25 in total fees and gross receipts taxes and $186.81 in total expenses.

I.    Fees from the Administrative Hearing and Criminal Case.

Plaintiff seeks to recover the fees expended for representation of him in the administrative hearing held by the San Juan County Sheriff's Department. Defendant Ahlm maintains that the administrative hearing was not necessary or related to this litigation. According to Ahlm, the discipline hearing looked at the conduct of Plaintiff Alvis Kee to

determine whether the discipline imposed upon him was "just," while the jury in this case looked at the conduct of the Defendant officers to determine whether they were liable under Section 1983.

The Court concludes that the time spent in the administrative hearing was useful, relevant, and necessary to this litigation. The time spent by Plaintiff's counsel in the administrative hearing led to the generation of a transcript that allowed both sides to limit the number and scope of depositions that had to be taken in this case, and that was used by both sides in place of depositions for impeachment purposes at trial. In addition, Plaintiff's counsel has stated in his affidavit that if the demotion had been successful, there would have been a risk that facts found against Plaintiff Kee could have presented a substantial impediment to a successful civil rights case. Accordingly, the Court concludes that the Plaintiff Alvis Kee is entitled to recover fees incurred during the administrative proceeding.[1]

The Court likewise concludes that the time spent defending Plaintiff Alvis Kee in the criminal proceeding was useful, relevant, and necessary to this litigation. Plaintiff Alvis Kee could not have prevailed on his civil rights claim for malicious prosecution at trial had he not successfully defended the criminal case against him. *Compare Rosas v. County of San Bernadino*, 260 F. Supp. 2d 990, 993 n.2, 994 (C.D. Cal. 2003) (citing cases). In addition, Plaintiff's counsel has stated in his affidavit that his efforts to obtain the internal affairs materials

---

[1] The Court rejects Defendant's unsupported assertion that Plaintiff's counsel's fees for the administrative proceedings were sought as damages and presented to the jury. Defense counsel presents no such evidence, and Plaintiff's counsel attests to the fact that the fees were not sought as damages or presented as evidence to the jury.

in the criminal case, with the resulting order that they be produced, followed by an in camera inspection and disclosure of materials from the file, was important to the discovery process in this case. The Court therefore concludes that Plaintiff Alvis Kee also is entitled to recover fees incurred in the criminal proceeding against him.

II.     Reasonableness of Rates.

        The Court concludes that Mr. Twohig's hourly rate of $250 for legal work is reasonable for an attorney of his skill and experience, and that Mr. Davis's rate of $250 per hour is reasonable for an attorney of his experience and expertise in civil rights attorneys' fees litigation. Courts in this district have deemed similar rates of lawyers of comparable skill and experience in the area of civil rights reasonable. *See, e.g., Lewis v. N.M. Dep't of Health*, Civil No. 99-0021 MV/JHG (Mem. Op. & Order, dated Jan. 5, 2005) (awarding plaintiff's counsel $250 per hour in civil rights class action declaratory judgment action and Philip B. Davis $250 per hour as fees counsel); *see also Harrison v. Eddy Potash, Inc.*, Civil No. 94-691 JP/WWD (Mem. Op. and Order, dated Feb. 2, 2002) (awarding attorney $275 per hour in a Title VII case); *Baldonado v. N.M. State Hwy & Transp. Dep't*, Civil No. 99-366 JC/LCS (Order, dated Dec. 20, 2001) (awarding Santa Fe attorney $265 per hour in a civil rights employment case); *Huerta v. City of Santa Fe*, Civil No. 01-968 RLP/DJS (Mem. Op. & Order, dated Mar. 12, 2003) (awarding Albuquerque attorney $240 per hour in police excessive force case); *Payton-Huebner v. City of Roswell*, Civ. No. 01-1233 WJ/LCS (Mem. Op. & Order, dated Feb. 6, 2003) (awarding Albuquerque attorney $250 in a civil rights employment case); *Nieto v. Kapoor*, Civil No. 96-1225 MV/JHG (Mem. Op. & Order, dated June 12, 2001) (awarding Roswell attorney $250 per

hour in a civil rights employment case).[2]  In addition, this case was sufficiently complex to justify a rate of $250 per hour.  *See Saint v. Portio*, Civil No. 94-115 JB/JC (Nov. 13, 1995) (comments by Judge Conway indicating that "civil rights cases are far more complicated than your average state law negligence claim"); *see also Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) (in analyzing what hours are "reasonably" expended on specific tasks, a court may consider the complexity of the case).

The Court does not find persuasive Defendant's argument that the Court should decline to award Plaintiff fees incurred for Mr. Davis's work on the attorneys' fees portion of the case because that aspect of the case does not require specialized knowledge.  First, had Mr. Davis not litigated the attorneys' fees portion of the case, Plaintiff would nonetheless have had to compensate Mr. Twohig (at the same hourly rate) for comparable work on the attorneys' fees issue.  Second, by hiring Mr. Davis to do the attorneys' fees work, Plaintiff actually minimized the fees incurred because Mr. Davis has more specialized knowledge and greater experience in fees litigation than Mr. Twohig.

The Court, however, is persuaded by Defendant's argument that the rate of $250 per hour for travel time is excessive.  Driving time may be given a reduced rate due to its nature as "essentially unproductive." *Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir. 1990).  The Court concludes that the rate of $125.00 per hour is a reasonable rate for Mr. Twohig's travel time.  *Cf.*

_____

[2] The Court does not find Defendant's citation to *Cobos v. Hoover*, Civil No. 97-0138 PK/LHG, in which the court found that the rate of $150 per hour was a reasonable rate for Mr. Twohig's services.  The *Cobos* case was based upon then-prevailing rates in Roswell and not in Albuquerque.

*Aquilino v. Univ. of Kan.*, 109 F. Supp. 2d 1319, 1326 (D. Kan. 2000) (applying a 50% reduction for attorney time spent in transit). Accordingly, the Court will award Plaintiff a reduced fee for the 26.2 hours of time Mr. Twohig spent on travel. Specifically, the Court will deduct $3,275 (26.2 x $125) from the total fees and $221.06 ($3,275 x .0675) from the total gross receipts taxes incurred by Plaintiff in this case.

III.   Expenses.

Defendant Ahlm argues that the Court should decline to award Plaintiff expenses incurred in the administrative proceeding before the San Juan County Sheriff's Department. The Court, however, already has held that Plaintiff is entitled to recover attorneys' fees incurred during the administrative proceeding. *See supra* § I. For the same reasons, the Court concludes that Plaintiff may likewise recover expenses incurred during that proceeding.

In addition, Defendant objects to certain portions of the $6,791.46 in expenses incurred by Mr. Twohig between March 2002 and January of 2005. As an initial matter, Plaintiff concedes that his counsel erroneously listed witness attendance fees at $85 per day instead of $40 per day, and that a reduction therefore is warranted. Accordingly, the Court reduces the expenses incurred by $585 (an excess of $45/day for 13 days).

Defendant further maintains that Plaintiff cannot recover expenses for a witness, Stephanie Cantu, who did not testify at trial. Plaintiff's counsel claims that Ms. Cantu was present at the courthouse and listed as a witness, but that the Court concluded her testimony was not proper rebuttal testimony. Because Ms. Cantu's testimony was not proper rebuttal, Defendant should not be required to pay for Ms. Cantu's attendance fees. The Court therefore

7

deducts $80 from Plaintiff's claimed expenses ($40/day for 2 days).

Defendant further argues that he should not have been required to compensate Plaintiff for multiple witness days when those witnesses actually testified on only one day. Plaintiff maintains that the remaining witnesses were forced to return to the courthouse an additional day (and in one case two days) because defense counsel spent longer cross-examining Plaintiff than expected. The Court concludes that Plaintiff should be compensated only for the days his witnesses actually testified. Accordingly, the Court deducts $240 from Plaintiff's claimed expenses ($40/day for 6 excess days).

Defendant also maintains that the Court should not award Plaintiff $148.49 for service of process fees because those fees were incurred during the administrative hearing. Plaintiff claims that Defendant is incorrect, and that the invoice attached to the costs bill confirms that service was in this case. The service of process check indicates that Plaintiff's counsel paid the process server on May 12, 2003. The returns of service indicate that Defendants were served on April 9, 2003. The administrative hearing concluded well before this time. Accordingly, the Court concludes that the expense was incurred in this case and not in the administrative hearing.

Defendant further argues that the Court should not award Plaintiff $78.35 for binders and other materials purchased at Staples because Local Rule 54.2 only allows for costs for "copying an exhibit." Plaintiff concedes that these costs should be eliminated, and the Court therefore deducts the $78.35 from Plaintiff's claimed expenses.

Defendant finally argues that the Court should not award Plaintiff for the cost of transporting a prisoner-witness, Jamie Morales, because Local Rule 54 does not provide for

8

recovering the costs of transporting a prisoner and 28 U.S.C. Section 1821(f) provides that "any witness who is incarcerated at the time that his or her testimony is given . . . may not receive fees or allowances under this section." The Court agrees that Mr. Morales should not be compensated for his attendance at trial. However, Plaintiff did incur the expense of transporting Mr. Morales, and the Court therefore finds that the submission of the expense for Plaintiff's reimbursement was proper.

IV.    Reduction in Fees Based Upon Degree of Success.

       Defendants maintain that the Court should reduce Plaintiff's total attorneys fees by two-thirds or more because Plaintiff was successful on only three of eighteen counts. If successful and unsuccessful claims arose from a common core of facts, and the Court finds that work on the unsuccessful claims was necessarily undertaken in furtherance of the successful claims or is inextricably linked with them and cannot be segregated out, compensation should be awarded for all such time without reduction. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *see also Jane L. v. Bangerter*, 61 F.3d 1505, 1512 (10th Cir. 1995). Conversely, time spent on the unsuccessful claims that is segregable from the successful claims is not compensable.

       The Court concludes that the successful and unsuccessful claims were based upon a common core of facts, and that the work on the unsuccessful claims was necessarily undertaken in furtherance of the successful claims. The Court further concludes that the work on the unsuccessful claims was inextricably linked with the work on the successful claims and that the work cannot be segregated out. The Court also notes that Plaintiff's counsel has attested to the fact that as to the claims on which Plaintiff Alvis Kee did not prevail, *i.e.*, his wife's claims that

9

were dismissed in part prior to going to the jury or rejected by the jury, and Plaintiff's claims against other Defendants, Plaintiff's counsel has either "no charged" the time or determined that certain of the work on those claims was inextricably linked to the claims on which Plaintiff succeeded. Finally, and independently, the Court notes that Defendant has not satisfied his burden of demonstrating that any particular time entries represent work done on unsuccessful claims or that the time is segregable. *Cf. Perrotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991) ("If the defendant asserts that a particular charge is related solely to work done on unsuccessful claims, the burden shifts to the defendant to demonstrate that the particular entry represents work done on unsuccessful claims."). Rather, Defendant simply asserts in conclusory fashion that Plaintiff's fees are excessive because Plaintiff only prevailed on three of eighteen claims. Such conclusory allegations are insufficient to persuade the Court that the claims are segregable or that certain work was limited to unsuccessful claims. *Cf. id.* (holding that "mere conclusory allegations that the award was excessive and that plaintiff's counsel employed poor billing judgment" were insufficient to satisfy defendant's burden).

Having concluded that the claims arose out of a common core of facts and that the claims were inextricably linked and unsegregable, the Court turns its focus to the significance of the overall relief obtained. *Roberts v. Roadway Express Inc.*, 149 F.3d 1098, 1111 (10th Cir. 1998). The Court concludes that Plaintiff Alvis Kee did substantially prevail in securing relief under Section 1983, but notes that the relief on these claims was not complete. For example, Plaintiff Alvis Kee did not prevail on any of his claims against Defendants Smith or Simmons. In addition, the majority of Plaintiff Cecilia Kee's claims were dismissed as a matter of law at the

close of Plaintiffs' case, and the jury rejected the remainder of her claims. The Court therefore reduces Plaintiff Kee's overall fees award by 10%.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Plaintiff's Motion for Attorneys' Fees and Expenses, filed March 17, 2005 **[Doc. No. 122]**, is hereby GRANTED IN PART as follows:

(1)     With respect to Mr. Twohig's fees, Plaintiff Alvis Kee is awarded $60,575.29 in attorneys' fees and gross receipts taxes (the $70,801.94 requested, minus $3,496.06 for the reduction in fees and gross receipts taxes for travel time, times .90 to account for 10% degree of success reduction on the total fees);

(2)     With respect to Mr. Twohig's expenses, Plaintiff Alvis Kee is awarded $10,961.47 in expenses (the $11,944.82 requested, minus $585 for overpayment of witnesses, minus $80 for the attendance of Stephanie Cantu, minus $240 for the excess days of witness attendance, and minus $78.35 for the binders);

(3)     With respect to Mr. Davis's fees, Plaintiff Alvis Kee is awarded $9,714.25 in total fees and gross receipts taxes; and

(4)     With respect to Mr. Davis's expenses, Plaintiff Alvis Kee is awarded $1,86.81 in expenses.

Dated this 31st day of October 2006.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE

11